OWENS, Circuit Judge,
dissenting:
I respectfully dissent.
1. According to the majority, “Police officers had no reason other than the uncorroborated, anonymous tip to suspect that Embry was in recent receipt of a trafficking amount of marijuana.” Yet this ignores two crucial facts. First, the apartfnent manager said that, she smelled marijuana coming from the apartment. Second, Embry‘ adrnitted that he had marijuana, but only for his own use. No law required the officers to buy Embry’s story/ The law is specifically to the contrary; police are not required to disprove a suspect’s innocent explanations. See, e.g., Illinois v. Gates, 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (“[Ijnnocent behavior frequently will provide the basis for a- showing' of probable cause.'...”). Irideed, based on the tip, they had every reason to disbelieve Embry. The majority never explains why the officers had to fall for this bogus story.
Based on the tip, the smell, and Embry’s own words, the officers were entitled to rely in good faith on the warrant’s validity. While these three facts obviously do not establish beyond- a reasonable doubt that Embry was trafficking narcotics, probable cause requires far less. See Gates, 462 U.S. at 238, 246, 103 S.Ct. 2317 (Probable cause exists if “given all the circumstances ..., there is a fair probability that contraband or-evidence of á crime will be found in a particular place.... [Pjrobable cause does not demand the certainty we associate with formal trials.”). The good-faith doctrine requires less still once a neutral magistrate judge has issued a search warrant. See United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (officials may rely on a properly issued warrant unless it is “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable” (quoting Brown v. Illinois, 422 U.S. 590, 611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part)) (internal quotation marks omitted)).
Imagine the following facts: An apartment manager receives a tip that an apart *819 ment is being used to abuse children. She hears young children crying for help. When the police talk to the tenant, he admits that there are young children in his apartment (and they are not his), but says he is running a modeling agency for minors who occasionally become scared and cry. Apparently the majority would say that the officers, if they executed a search warrant based on these facts, would be acting in bad faith. I know of no Supreme Court decision that supports this approach.
2. The majority also invokes United, States v. Spilotro, 800 F.2d 959 (9th Cir.1986), to sweep the severability issue off the Fourth Amendment chessboard. Because the corroborated tip supported good faith reliance on the magistrate judge’s determination that there was probable cause of drug trafficking, the majority’s conclusion that the warrant is facially overbroad cannot stand. And even if the majority is correct that the officials were not entitled to rely on the warrant as to drug trafficking because they witnessed only simple possession, Spilotro does not apply because evidence of marijuana possession formed a significant, severable part of the search warrant. See United States v. SDI Future Health, Inc., 568 F.3d 684, 707 (9th Cir.2009). “Because the record does not reflect a flagrant general search,” any “violation [does not] require[] suppression of all of the evidence seized.” United States v. Sedaghaty, 728 F.8d 885, 915 (9th Cir.2013).
We must apply the exclusionary rule in the rarest of occasions. See Hudson v. Michigan, 547 U.S. 586, 591, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006) (“Suppression of evidence ... has always been óur last resort, not our first impulse.”). Obviously, this was not-a perfect investigation, but imperfection does not equal suppression. See Herring v. United States, 555 U.S. 135, 144, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009) (“[T]he exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct — ”). We should reverse the suppression order.